UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 12-07934 GAF (VBKx) | Date | October 15, 2012 |
|---|---|---|---|
| Title | Roy Mason v. El Torito et al | | |

| Present: The Honorable | **GARY ALLEN FEESS** | | |
|---|---|---|---|
| Renee Fisher | None | | N/A |
| Deputy Clerk | Court Reporter / Recorder | | Tape No. |
| Attorneys Present for Plaintiffs: | | Attorneys Present for Defendants: | |
| None | | None | |

**Proceedings:**     (In Chambers)

**ORDER REMANDING CASE**

**I.
INTRODUCTION & BACKGROUND**

Plaintiff Roy Mason brings this action against Defendants El Torito, El Torito Restaurants, Inc., and Hastings Village Investment Company L.P., ("Defendants"), for violations of multiple state statutes relating to handicap access at Defendants' restaurant. (Docket No. 1 [Not. of Removal], Ex. A [Compl.].) Specifically, Plaintiff asserts three causes of action, alleging Defendants violated Title 24 of the California Building Code, Sections 51(b), 54 and 54.1 of the California Civil Code, and Section 19955 of the California Health and Safety Code. (Compl. ¶¶ 14, 18.) Plaintiff seeks monetary damages and injunctive relief, as well as costs and fees. (Id. ¶ 27.)

Plaintiff filed this suit in California Superior Court on August 15, 2012. (Compl.) Defendants were served on August 21, 2012. (Not. of Removal ¶ 2.) Defendants removed this action to this Court on September 13, 2012. (Id.)

**II.
DISCUSSION**

**A. LEGAL STANDARD**

Under Federal Rule of Civil Procedure 12(h)(3), "[i]f the court determines at any time

LINK: 1

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 12-07934 GAF (VBKx) | Date | October 15, 2012 |
|---|---|---|---|
| Title | Roy Mason v. El Torito et al | | |

that it lacks subject-matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12(h)(3). "[A] court may raise the question of subject matter jurisdiction, sua sponte, at any time during the pendency of the action . . . ." Snell v. Cleveland, Inc., 316 F.3d 822, 826 (9th Cir. 2002); see also United Investors Life Ins. Co. v. Waddell & Reed, Inc., 360 F.3d 960, 966 (9th Cir. 2004) ("Here the district court had a duty to establish subject matter jurisdiction over the removed action sua sponte, whether the parties raised the issue or not."). The Ninth Circuit has held that courts must "strictly construe the removal statute against removal jurisdiction" and reject federal jurisdiction "if there is any doubt as to the right of removal in the first instance." Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992) (citation omitted). "The strong presumption against removal jurisdiction means that the defendant always has the burden of establishing that removal is proper." Id. (quotations and citations omitted).

Under 28 U.S.C. § 1441, a defendant may remove to federal court any state court action arising under the Constitution, treaties, or laws of the United States. 28 U.S.C. § 1441(b); see also 28 U.S.C. § 1331. "Federal district courts have original federal question jurisdiction of actions 'arising under the Constitution, laws, or treaties of the United States.'" Sullivan v. First Affiliated Sec., Inc., 813 F.2d 1368, 1371 (9th Cir. 1987). "Generally, a claim 'arises under' federal law only if a federal question appears on the face of plaintiff's complaint." Hyung v. Kim, 2011 WL 1543821, at *1 (C.D. Cal. Apr. 25, 2011) (citing Caterpillar, Inc. v. Williams, 482 U.S. 386, 392 (1987)). Thus, the plaintiff is considered to be the "master of the complaint" and "may defeat removal by choosing not to plead independent federal claims." ARCO Envt'l. Remediation, L.L.C. v. Dep't. of Health and Envt'l Quality of the State of Mont., 213 F.3d 1108, 1114 (9th Cir. 2000) (citation omitted). "However, under the artful pleading rule a plaintiff may not defeat removal by omitting to plead necessary federal questions in a complaint." Id. (internal quotation omitted). "Since its first articulation . . . courts have used the artful pleading doctrine in (1) complete preemption cases, and (2) substantial federal question cases." Lippitt v. Raymond James Fin. Servs., Inc., 340 F.3d 1033, 1041 (9th Cir. 2003) (internal citations omitted). If a complaint asserts only state law claims, a federal court may still have federal question jurisdiction over the dispute if "some substantial, disputed question of federal law is a necessary element of one of the well-pleaded state claims." Rains v. Criterion Sys. Inc., 80 F.3d 339, 345 (9th Cir. 1996) (internal citation omitted) (emphasis in original).

**B. APPLICATION**

Defendants contend that because the Complaint alleges—and provides documentation purporting to show—that Defendants violated the Americans with Disabilities Act, 42 U.S.C. §§ 12101 et seq., the "claims are founded on a claim or right arising under the laws of the United States." (Not. of Removal ¶¶ 3–4.)

LINK: 1

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

| Case No. | CV 12-07934 GAF (VBKx) | Date | October 15, 2012 |
|---|---|---|---|
| Title | Roy Mason v. El Torito et al | | |

      Defendants' argument is unavailing.  As noted above, the Ninth Circuit allows a plaintiff to "defeat removal by choosing not to plead independent federal claims."  <u>ARCO</u>, 213 F.3d at 1114.  Plaintiff's causes of action are predicated on state law violations <u>only</u>.  Plaintiff notes the ADA violations because, in addition to the specific rights guaranteed under each relevant California statute, Sections 51, 54 and 54.1 of the California Civil Code all state: "A violation of the right of any individual under the Americans with Disabilities Act of 1990 (Public Law 101–336) shall also constitute a violation of this section."  <u>See</u> Cal. Civ. Code §§ 51(f), 54(c) and 54.1(d).  Thus, violation of the ADA is merely an additional way in which Plaintiff can prove a violation of California state law; it is not "a <u>necessary</u> element of one of the well-pleaded state claims."  <u>Rains</u>, 80 F.3d at 345.  Here, Plaintiff specifically chose not to assert an independent federal claim for violation of the ADA.  That Plaintiff mentioned the violation of a federal statute in his Complaint does not transform this suit into a federal question case.  <u>See</u> <u>Carpenter v. Raintree Realty, LLC</u>, 2012 U.S. Dist. LEXIS 92406 *5 (C.D. Cal. July 2, 2012) ("The mere fact that the Unruh Act incorporates violations of the ADA does not give this Court federal question jurisdiction over Plaintiff's state law claim.")

      There is no federal question jurisdiction in this case.

### III.
### CONCLUSION

      Accordingly, the Court finds subject matter jurisdiction lacking over this action.  The case is therefore **REMANDED** to Los Angeles County Superior Court.


      **IT IS SO ORDERED.**